IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, ) <br> FSB, NOT IN ITS INDIVIDUAL CAPACITY ) <br> BUT SOLELY AS OWNER TRUSTEE OF ) <br> CSMC 2018-SP3 TRUST ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAMES A. COSMANO, CHANDLER, ) <br> CONDOMINIUM ASSOCIATION, UNITED ) <br> STATES OF AMERICA, UNKNOWN ) <br> OWNERS, and ) <br> NON-RECORD CLAIMANTS, ) <br> ) <br> Defendants. ) <br> ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Counterclaim Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WILMINGTON SAVINGS FUND SOCIETY, ) <br> FSB, NOT IN ITS INDIVIDUAL CAPACITY ) <br> BUT SOLELY AS OWNER TRUSTEE OF ) <br> CSMC 2018-SP3 TRUST, JAMES A. ) <br> COSMANO, CHANDLER CONDOMINIUM ) <br> ASSOCIATION, and COOK COUNTY, ) <br> ILLINOIS, ) <br> ) <br> Counterclaim Defendants. ) <br> ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯) | Case No. 1:20-cv-7032-MSS-SEC <br><br> Judge Manish S. Shah <br><br> Magistrate Judge Susan E. Cox |

**DEFENDANT AND COUNTERCLAIM PLAINTIFF UNITED STATES' EMERGENCY MOTION FOR AN ORDER ENFORCING THE ORDER APPOINTING RECEIVER [ECF No. 66]**

The defendant and counterclaim plaintiff United States of America, upon the annexed

declaration of Trial Attorney Jeffrey N. Nuñez (which is attached hereto as Exhibit A), pursuant

-1-

to L.R. 77.2 and 26 U.S.C. § 7402, seeks an emergency order enforcing the Court's *Order Appointing Receiver* (ECF No. 66) by (1) ordering the defendant and counterclaim defendant James A. Cosmano to immediately vacate and depart the Subject Property (as defined herein), (2) forbidding Cosmano from entering or attempting to enter the Subject Property, (3) forbidding Cosmano from communicating or attempting to communicate with the Receiver, (4) forbidding Cosmano from doing anything that interferes with the rights or responsibilities of the Receiver, (5) ordering Cosmano to return to the United States Marshals Service any fixtures and appliances removed from the Subject Property, and (6) specifically authorizing and directing the United States Marshals Service to enforce the Court's Orders, including by arresting Cosmano if he is found in violation of this Order. A proposed Order is attached.

On March 5, 2022, the Court-appointed Receiver Ginger Menne informed counsel for the United States that the defendant and counterclaim defendant James A. Cosmano has committed waste and destruction to the property which is the subject matter of this receivership (the "Subject Property," 450 E. Waterside Dr., Unit 1301, Chicago, IL 60601), having removed nearly all appliances and fixtures, causing substantial damage to the Subject Property, and leaving the water running in an attempt to flood the Subject Property. In addition, in violation of the *Order Appointing Receiver*, Cosmano broke down a false wall hiding the master bedroom and may have removed property from that hidden area in violation of this Court's order. In support of its emergency motion, the United States sets forth the following:

1.      The Court has ordered that the Subject Property be sold under 26 U.S.C. § 7403, to satisfy a senior mortgage held by the plaintiff and counterclaim defendant Wilmington Savings Fund Society, with the remaining funds to be applied to the Cosmano's federal tax liabilities which the United States has secured through federal tax liens that have attached to the

Subject Property. Ginger Menne was appointed Receiver pursuant to 26 U.S.C. § 7403(d) for the purpose of enforcing the tax liens. Under the terms of the *Order Appointing Receiver*, Cosmano was afforded 30 days (until March 19, 2022) to vacate the Subject Property so that the Receiver could begin arranging for a sale of the Subject Property. *See generally* ECF No. 66.

2.     During the week of February 28, 2022, the undersigned counsel for the United States, the Receiver, and counsel for Cosmano, Paul Bach, Esq., discussed arranging a time where it would be suitable for the Receiver to conduct a walk-through of the Subject Property to ascertain what repairs needed to be made so that she could arrange for the marketing and sale of the Subject Property once Cosmano had vacated the property.

3.     Attorney Bach relayed that his client was not able to accommodate any times for the visit during the week of February 28th, as he was busy cleaning up the condo and moving out his personal effects. Attorney Bach also said that his schedule was such that it would be difficult to arrange for a visit that week since he would like to be present to ensure things went smoothly since his client was upset at the fact that his condominium was going to be sold. Attorney Bach proposed a meeting at the Subject Property at 11:00 a.m. CST on Monday, March 7, 2022. All parties agreed on this time and date.

4.     On Saturday, March 5, 2022, as more fully set forth in the accompanying declaration, the undersigned trial attorney was contacted by the Receiver, who informed him that she in turn had been contacted by the condominium manager the night before (on March 4, 2022) because Cosmano was removing appliances and fixtures from the Subject Property, and that he had also torn down the false wall that he had erected at an earlier date to apparently disguise the size of his condominium or hide assets. The Receiver sent the undersigned a series of

photographs and videos that documented the waste and damage. The Receiver changed the locks to try to prevent further damage to the Subject Property.

5.      Cosmano returned to the Subject Property on Saturday, March 5, 2022, forcibly breaking down the front door, and bringing with him a crew of workers who assisted in removing more fixtures and appliances, to include countertops, smoke detectors, pipes and plumbing fixtures, outlet plates, vanities, and he also had pulled up portions of the hardwood floors. A full accounting of the damage is still underway. Cosmano also apparently used a hammer or other tool to punch holes in the walls of the Subject Property. Cosmano allegedly assaulted a condominium association maintenance worker who attempted to stop him. Fearing that the situation was getting out of control, the Chicago Police Department was called to the Subject Property, where officers met the Receiver and the Sergeant on the scene spoke with the undersigned counsel by telephone. Upon being shown the *Order Appointing Receiver* and determining that Cosmano was committing waste, the Chicago Police ordered Cosmano to depart the Subject Property, which he did.

6.      The undersigned counsel instructed the Receiver to send information about the police report to him when it was available, and to then secure the Subject Property to the best of her ability. Since the Subject Property is significantly damaged and not secure, the Receiver had a contractor temporarily secure the front door with additional boards and fasteners that would prevent Cosmano from accessing the Subject Property in a quick or quiet manner, so that the building management would have a chance to intercept Cosmano if he tried to enter the Subject Property again.

7.      Under Section 7402(a) of the Internal Revenue Code, the Court has jurisdiction "to make and issue in civil actions, writs and orders of injunction, and of *ne exeat republica*,

-4-

orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). This is one of the broadest grants of jurisdiction to federal district courts in existence. *See United States v. Ernst & Whinney,* 735 F.2d 1296, 1300 (11th Cir. 1984) ("The language of § 7402(a) encompasses a broad range of powers necessary to compel compliance with the tax laws."); *Brody v. United States*, 243 F.2d 378, 384 (1st Cir. 1957) ("[Section 7402(a)'s language] manifest[s] a congressional intention to provide the district courts with a full arsenal of powers to compel compliance with the internal revenue laws."); *United States v. ITS Financial, LLC* , 592 F. App'x 387, 394 (6th Cir. 2014) (collecting cases); *United States v. Zanfei*, No. 04-2703, 2006 WL 2861051, at *7 (N.D. Ill. Sep. 29, 2006). Section 7402 authorizes Courts to "enjoin interference with tax enforcement even when such interference does not violate any particular tax statute." *United States v. Demesmin*, No. 17-36, 2019 WL 343722, at *11 (M.D. Fla. Jan. 10, 2019) (citing *Ernst & Whinney*).

8.     Here, as set forth in the annexed declaration, Cosmano, a licensed Illinois attorney and member of this Court's general bar, has committed multiple (and potentially ongoing) egregious acts of waste and destruction against the Subject Property over which the Court has *in rem* jurisdiction. His actions have interfered with the Receiver's work, and Cosmano committed several prohibited acts which could not be clearer violations of the Court's *Order Appointing Receiver*, which the Court noted would be punishable by contempt. Specifically, under ¶ 4 of the *Order Appointing Receiver*, Cosmano was only permitted to remove personal property, not any fixtures or appliances, which he has clearly done. Second, in regard to ¶ 5 of the *Order Appointing Receiver*, Cosmano was specifically instructed not to remove the false wall that he erected (and which the United States outlined in detail in ECF No. 62), or anything from behind

the wall without the Receiver present. Third, regarding ¶ 8 of the Receiver Order, Cosmano was forbidden to do anything that tends to reduce the value or marketability of the property. Such violations are punishable by contempt, and the United States reserves the right to request an order to show cause to this effect once the Subject Property is secured and the extent of the damage determined.

9. The United States is hard-pressed to think of a what would constitute a more textbook definition of an emergency in the context of a civil case concerning real property and federal tax liabilities. Cosmano has broken down the door to the Subject Property, removed fixtures and appliances, destroyed parts of the interior of the property, allegedly assaulted a condominium association employee, removed plumbing fixtures and pipes, torn up parts of the floor, and used a hammer to punch holes in the wall. Relief is required forthwith to bar Cosmano from entering the Subject Property again, as well as forbidding him from entered The Chandler condominium tower itself (450 E. Waterside Dr., Chicago, Il 60601), so that the status quo (such as it is) is maintained, and to prevent any further damage and waste.

10. As set forth in the accompanying proposed order, the United States seeks an order providing the following relief:

    a. James A. Cosmano is ordered to immediately vacate and depart from the Subject Property (and the condominium tower itself).

    b. If James A. Cosmano fails or refuses to vacate the Subject Property (or the condominium tower) after the Courts so-orders him to do so, the United States Marshals Service is authorized and directed to arrest Mr. Cosmano.

    c. The 30-day window for Mr. Cosmano to vacate the Subject Property is terminated immediately, and the Court-Appointed Receiver Ginger Menne is directed to take

immediate possession of the Subject Property in order to prevent further damage to the Subject Property. The United States Marshals Service shall accompany the Receiver to the Subject Property, as may be requested by the Receiver, so that she can safely enter the Subject Property and change the locks on the door(s), or install a new door, and otherwise secure the property through any means available.

d.  James A. Cosmano shall immediately return to the United States Marshals Service all fixtures or appliances removed from the Subject Property, and United States Marshals Service shall ensure that such property is safely returned to the Receiver or the Subject Property.

e.  James A. Cosmano is hereby (i) forbidden from entering or attempting to enter the Subject Property, (ii) forbidden from entering or attempting to enter The Chandler condominium tower (located at 450 E. Waterside Dr., Chicago, IL 60601) in any way, (iii) forbidden from communicating or attempting to communicate with the Receiver, and (iv) doing anything that interferes with the rights or responsibilities of the Receiver.

f.  The United States Marshals Service is authorized and directed to take any and all necessary actions, including but not limited to, the use of reasonable force, to enter and remain on the Subject Property, which includes, but is not limited to, the land, buildings, vehicles, and any other structures located thereon, for the purpose of executing this Order, enforcing the *Order Appointing Receiver*, and protecting the Receiver.

g.  The United States Marshals Service is further authorized and directed to arrest or evict from the Subject Property any persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with the execution of this Order or the *Order Appointing Receiver*.

h.  The United States Marshal Service shall post the final Order on the door of the Subject Property and personally service James A. Cosmano with a copy of the final Order forthwith.

11.  The United States is seeking emergency relief because the nature of Cosmano's actions damage all parties.  Because they have occurred on a weekend, any delay in hearing this motion will result in serious and irreparable harm to the parties to this proceeding and providing notice of and an opportunity to oppose this motion to Cosmano under the normal local rules procedures is not practicable.  The United States has coordinated the filing of this motion with the procedures outlined in the local rules and the Court's website, by contacting the emergency judge phone number, email address, and has also copied the chambers of Judge Shah, and has notified all parties via email and phone to the nature of this request.

WHEREFORE, for the reasons stated above, the defendant and counterclaim plaintiff United States of America seeks to maintain the status quo by entry of an Order in the form submitted herewith, and requests such other and further relief that the Court deems just and proper.

**[Signature page follows]**

Respectfully submitted:

**UNITED STATES OF AMERICA,**
*Defendant and Counterclaim Plaintiff*


*/s/Jeffrey N. Nuñez*
JEFFREY N. NUÑEZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-514-5218 (v)
202-514-5238 (f)
Jeffrey.N.Nunez@usdoj.gov