IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE OF CSMC 2018-SP3 TRUST  ) ) ) ) ) | Case No. 1:20-cv-7032-MSS-SEC |
| Plaintiff,  ) ) | Judge Manish S. Shah |
| )  | Magistrate Judge Susan E. Cox |
| v.  ) ) | |
| JAMES A. COSMANO, CHANDLER, CONDOMINIUM ASSOCIATION, UNITED STATES OF AMERICA, UNKNOWN OWNERS, and NON-RECORD CLAIMANTS,  ) ) ) ) ) ) | |
| Defendants.  ) ) | |
| _____ )  ) | |
| UNITED STATES OF AMERICA,  ) ) | |
| Counterclaim Plaintiff,  ) ) | |
| v.  ) ) | |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE OF CSMC 2018-SP3 TRUST, JAMES A. COSMANO, CHANDLER CONDOMINIUM ASSOCIATION, and COOK COUNTY, ILLINOIS,  ) ) ) ) ) ) ) ) | |
| Counterclaim Defendants.  ) ) | |
| _____ )  | |

**JOINT AGREED MOTION TO APPROVE OF SALE OF REAL PROPERTY**

The defendant and counterclaim-plaintiff United States of America and plaintiff and

counterclaim-defendant Wilmington Savings Fund Society, FSB, Not in its Individual Capacity

-1-

but Solely as Owner Trustee of CSMC 2018-SP3 Trust ("Wilmington"), collectively "the

parties," which are the only parties with a remaining interest in this action,[1] stipulate to and

request an order confirming the sale of the real property located at 450 E. Waterside Drive, Unit

1301, Chicago, IL 60601 (the "subject property"), which property is legally described as:

> PARCEL 1:
>
> UNIT 1301 AND PARKING SPACE P-353, TOGETHER WITH THE
> EXCLUSIVE RIGHT TO USE STORAGE SPACE S- 152, A LIMITED
> COMMON ELEMENT IN CHANDLER CONDOMINIUMS AS
> DELINEATED AND DEFINED ON A SURVEY OF THE FOLLOWING
> DESCRIBED REAL ESTATE:
>
> LOT 7, EXCEPT THE EAST 16.85 FEET THEREOF (AS MEASURED
> PERPENDICULARLY TO THE EAST LINE OF SAID LOT 7), IN
> LAKESHORE EAST SUBDIVISION, BEING A SUBDIVISION OF
> PART OF THE LANDS LYING EAST OF AND ADJOINING FORT
> DEARBORN ADDITION TO CHICAGO, SAID ADDITION BEING IN
> THE SOUTHWEST FRACTIONAL QUARTER OF SECTION 10,
> TOWNSHIP 39 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL
> MERIDIAN, ACCORDING TO THE PLAT OF SAID LAKESHORE
> EAST SUBDIVISION RECORDED MARCH 4, 2003 AS DOCUMENT
> 0030301045, IN COOK COUNTY, ILLINOIS; WHICH SURVEY IS
> ATTACHED AS EXHIBIT "A" TO THE DECLARATION OF
> CONDOMINIUM RECORDED AS DOCUMENT NO. 0719315075
> TOGETHER WITH ITS UNDIVIDED PERCENTAGE INTEREST IN
> THE COMMON ELEMENTS.
>
> PARCEL 2:
>
> NON -EXCLUSIVE EASEMENTS APPURTENANT TO AND FOR THE
> BENEFIT OF PARCEL 1, INCLUDING EASEMENTS FOR ACCESS TO
> IMPROVEMENTS BEING CONSTRUCTED OVER TEMPORARY
> CONSTRUCTION EASEMENT AREAS, FOR PEDESTRIAN AND

---

[1] The Court previously entered an amended judgment against the defendant James Cosmano, finding that both the mortgage of Wilmington and the United States' tax liens may be enforced against the subject property, with the same to be sold free and clear of any right, title, claim, lien, or interest of Cosmano, and that the defendant Chandler Condominium Association had default judgment entered against it, and shall receive nothing from the proceeds of the sale. *See* ECF No. 84, ¶¶ 3 and 7.

VEHICULAR INGRESS AND EGRESS ON, OVER, THROUGH AND ACROSS THE STREETS, AND TO UTILIZE THE UTILITIES AND UTILITY EASEMENTS, ALL AS MORE PARTICULARLY DEFINED, DESCRIBED AND CREATED BY DECLARATION OF COVENANTS, CONDITIONS, RESTRICTIONS AND EASEMENTS FOR LAKESHORE EAST MADE BY AND BETWEEN LAKESHORE EAST LLC, LAKESHORE EAST PARCEL P LLC, AND ASN LAKESHORE EAST LLC DATED AS OF JUNE 26, 2002 AND RECORDED JULY 2, 2002 AS DOCUMENT 0020732020, AS AMENDED BY FIRST AMENDMENT TO DECLARATION OF COVENANTS, CONDITIONS, RESTRICTIONS AND EASEMENTS FOR LAKESHORE EAST EXECUTED BY LAKESHORE EAST LLC DATED AS OF MARCH 3, 2003 AND RECORDED MARCH 7, 2003 AS DOCUMENT NUMBER 0030322531 AND AS FURTHER AMENDED BY SECOND AMENDMENT TO DECLARATION OF COVENANTS, CONDITIONS, RESTRICTIONS AND EASEMENTS FOR LAKESHORE EAST EXECUTED BY LAKESHORE EAST LLC DATED AS OF NOVEMBER 18, 2004 AND RECORDED NOVEMBER 19, 2004 AS DOCUMENT NUMBER 0501919099 AND THIRD AMENDMENT TO DECLARATION OF COVENANTS, CONDITIONS, RESTRICTIONS AND EASEMENTS FOR LAKESHORE EAST EXECUTED BY LAKESHORE EAST LLC, DATED FEBRUARY 24, 2005 AND RECORDED FEBRUARY 25, 2005 AS DOCUMENT NUMBER 0505632009 AND FOURTH AMENDMENT TO DECLARATION OF COVENANTS, CONDITIONS, RESTRICTIONS AND EASEMENTS FOR LAKESHORE EAST EXECUTED BY LAKESHORE EAST LLC DATED AS OF FEBRUARY 24, 2005 AND RECORDED FEBRUARY 25, 2005 AS DOCUMENT NUMBER 0505632012 AND LAST AMENDED BY THE FIFTH AMENDMENT TO DECLARATION OF COVENANTS, CONDITIONS, RESTRICTIONS AND EASEMENTS FOR LAKESHORE EAST EXECUTED BY LAKESHORE EAST LLC DATED AS OF OCTOBER 27, 2006 AND RECORDED NOVEMBER 9, 2006 AS DOCUMENT 0631333004 AND SUBSEQUENTLY RERECORDED ON FEBRUARY 9, 2007 AS DOCUMENT 0704044062.

PARCEL 3:

NON-EXCLUSIVE EASEMENTS APPURTENANT TO AND FOR THE BENEFIT OF PARCEL 1 AS CREATED BY THE DECLARATION OF EASEMENTS, RESERVATIONS, COVENANTS AND RESTRICTIONS RECORDED JULY 12, 2007 AS DOCUMENT NUMBER 0719315076 FOR SUPPORT, COMMON WALLS, CEILINGS AND FLOORS, EQUIPMENT AND UTILITIES, INGRESS AND EGRESS, MAINTENANCE AND ENCROACHMENTS, OVER THE LAND DESCRIBED THEREIN.

-3-

Commonly Known As: 450 E. Waterside Drive, Unit 1301, Chicago, IL 60601.

Permanent Index No.: 17-10-400-043-1505 and 17-10-400-043-1119 (17-10-400-020 underlying PIN).

Prior Deed Reference: being the property conveyed to James Cosmano by Warranty Deed of Chandler LLC, dated October 30, 2007, and recorded with the Cook County Recorder of Deeds as Doc. # 0730931095, on November 5, 2007.

Pursuant to the Court's *Order Appointing Receiver*, ECF No. 66 (the "receiver order"), Ginger Menne ("Receiver Menne") is the receiver pursuant to 26 U.S.C. § 7403(d), charged to enforce the United States' federal tax liens and Wilmington's mortgage interest with respect to the subject property and directing the sale of the subject property. The parties now jointly request that the Court approve of and authorize the sale of the subject property to Vashisht Lakhmani and Erin Weir Lakhmani (the "buyers") for $775,000.00, as set forth in the *Condominium Real Estate Purchase and Sale Contract*, attached at Exhibit A. In support of this agreed motion, the parties state as follows:

1.      The Court's receiver order directs that the subject property shall be sold in a manner consistent with judicial sales as contemplated by 26 U.S.C. §§ 7402(a) and 7403(b), free and clear of all rights, titles, claims, liens, and interests of all parties to this case, including any rights of redemption, with the proceeds of such sale apportioned as agreed by the parties, and that the subject property shall be sold "as-is" and with the purchasers be given a receiver's deed at closing. ECF No. 66, at ¶¶ 3, 12. The purchase and sale contract contains an addendum that specifically incorporates the terms and conditions of the receiver's order. *See* Exhibit A, "Contract Addendum."

2.          Pursuant to the *Amended Final Judgment* entered by the Court on May 23, 2022, the judicial sale of the subject property shall be conducted by Receiver Menne, pursuant to a separate order of sale, with the proceeds of such sale distributed pursuant to the Court's instructions as follows: first, to pay the costs of sale, including any expenses incurred to repair, restore, preserve, protect, secure, and maintain the subject property; second, to Cook County, Illinois, or other government entity, to pay any real estate taxes due and owing or other claim which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to Wilmington to pay its judgment; fourth, to the United States to pay the tax debts described herein (secured by the federal tax liens and the United States' judgment lien); and fifth, if there are any remaining funds, per further order of the Court.  ECF No. 84, at ¶¶ 4-5.

3.          The parties presume that the Court is generally aware of the history of the subject property, and while at the outset it was expected that the listing price might exceed $1.2 million, due to the defendant James Cosmano's willful and contemptuous destruction of the subject property, and with no funds available to restore the subject property to its original condition, the subject property was instead listed for sale at $900,000.00, to account for the significant repairs that would be needed to make the subject property habitable.  *See generally* ECF Nos. 79, 84, and 86.  After being listed for approximately three months at the $900,000.00 price, with many showings but no offers, Receiver Menne and the parties agreed to lower the list price to $800,000.00.  *See* Exhibit B, *Declaration of Receiver Ginger Menne* , ¶¶ 3-6.

4.          On October 26, 2022, the buyers submitted an offer to purchase the subject property for $750,000.00.  *See* Exhibit B, ¶ 7.  On December 5, 2022, Receiver Menne counteroffered at $775,000.00, and on December 29, 2022, the buyers accepted the counteroffer and signed a binding contract subject to approval by the Court.  The buyers paid an earnest

money down-payment of $5,000.00 that was deposited with Receiver Menne, and an additional

$5,000.00 of earnest money was paid on January 8, 2023. *Id.* at ¶ 7. This was the highest and

best offer to purchase the subject property that included confirmed proof of funds and an earnest

money deposit. *Id.* at ¶ 7. Based on over 15 years of experience, it is Receiver Menne's opinion

that the offer should be accepted and confirmed by the Court as the highest and best bid in light

of the significant damage to the subject property, the current housing market and interest rates,

and the fact that, at present, the subject property is not habitable. *Id.* at ¶ 8. The purchase and

sale contract set an initial closing date of January 27, 2023, but this has been rescheduled due to

a dispute with the defaulted defendant Chandler Condominium Association, as set forth below.

*See also* Exhibit C (draft closing statement).

5.      As set forth in the Amended Final Judgment, ECF No. 84, ¶ 7, the defendant

Chandler Condominium Association is not entitled to receive anything from the sale of the

subject property. Nevertheless, Chandler appears to be taking the position (as communicated

from its attorney to Receiver Menne as well as the closing attorneys) that it is entitled to take

defendant Cosmano's unpaid condo fee assessments from the proceeds of the sale, or that the

association can assert a claim or lien against the buyers at the judicial sale, or after they take title

to the subject property. This threat has caused a delay in the sale and could endanger the sale to

the buyers. As such, the Court should specifically order Chandler to cease all efforts to

circumvent the judgment and orders of the Court, and order that Chandler shall not cause, or

permit anyone else to, record any instruments, publish any notice, or take any other action to

enforce a claim or lien under 765 ILCS 605/9 against the purchaser that arises prior to the date

that the Receiver's Deed is delivered to the buyers.

6.     The parties stipulate to, and request the entry of, an order substantially in the form of the proposed order attached hereto as Exhibit D.  Specifically, the parties request that the Court enter an order that (i) authorizes and approves the sale of the subject property to the buyers as the highest and best bidders; (ii) authorizes and directs Receiver Menne to execute a deed, substantially in the form of the attached Exhibit E, that transfers title of the subject property to buyers upon payment of the balance of the total purchase price of $775,000.00 at closing; (iii) finds that as a result of default judgment being entered against them, that the defendant Chandler Condominium Association be ordered to not cause, or permit anyone else to, record any instruments, publish any notice, or take any other action to enforce a claim or lien under 765 ILCS 605/9 against the purchaser that arises prior to the date that the Receiver's Deed is delivered to the purchaser; and, (iv) orders that the proceeds from the sale of the property be distributed in accordance with the Court's Amended Final Judgment, ECF No. 84, at ¶ 4, as follows:

FIRST, to the following individuals or entities in the following amounts to cover the costs of sale, including any costs incurred by the receiver to preserve, protect, and secure the subject property and any customary costs for a closing professional:

(a)  To Receiver Menne in the amount of $6,500.00 for costs incurred in cleaning and removing debris from the subject property occasioned by defendant Cosmano's destruction in order for the subject property to be listed and shown, $750.00 for the services of a licensed closing attorney, Marc Cervantes, Esq., $470.00 for Illinois Condo Act compliance letters, and $45,000.00 for compensation for Receiver Menne's services as court-appointed receiver which is based of a percentage of the gross proceeds of a sale

of the subject property, *see* <u>Exhibit B</u>, at ¶ 10 (with <u>Exhibit C</u> incorporated by reference); and ECF No. 66, ¶ 15.

      (b)  To the closing company Chicago Title or other closing company in the amount of approximately $3,848.00 for the costs of closing services that are customarily paid by the seller.[2]

SECOND, to Cook County, Illinois, and the City of Chicago, for real estate taxes and special assessments due and owing at the time of the closing which are entitled to priority under 26 U.S.C. § 6323(b)(6);

THIRD, to Wilmington, the remainder of the net proceeds, in the estimated amount of $690,000.00 (based on a January 2023 estimated closing statement, which may be subject to adjustment), to pay part of its judgment as specified in the Court's Amended Judgment, ECF No. 84 at ¶ 1, which judgment includes Wilmington's mortgage interest securing debts totaling $681,188.69 as of May 3, 2022 (which amount further includes $40,000.00 for Wilmington's attorney's fees and costs), plus property taxes and payable advances paid by Wilmington after May 3, 2022, which are secured by its mortgage interest and which is entitled to priority under 26 U.S.C. § 6323(e).

FOURTH, to the United States in the amount of $15,000.00, to be paid from the net amount of proceeds otherwise payable to Wilmington set forth in the preceding paragraph, in order to avoid a non-economic sale under the Internal Revenue Code, which shall be applied to the judgment debts of the defendant James A. Cosmano for the federal income tax periods

---

[2] Where this stipulation references an "approximate" amount, the parties request that the Court approve a variance of up to 10 percent without further notice to the Court.

ending December 31, 2007, December 31, 2008, December 31, 2009, and December 31, 2010, which amount to $7,090,529.33 as of August 13, 2021, plus statutory additions accrued from and after that date, including interest; and,

7.      In the event that the costs of the sale and property tax and special assessment arrears end up being higher than projected (but still must be paid to close), and the remaining amount of the proceeds after the sale is not sufficient for Wilmington and the United States to receive the amounts set forth in ¶ 5, then Receiver Menne shall notify the parties and they will confer and attempt to come to an agreement to advise Receiver Menne how to distribute the remaining proceeds. While the Court's Amended Final Judgment specifies that any sale proceeds remaining after payment of the foregoing sums will be distributed pursuant to further order of the Court, the parties submit that the foregoing payments will fully exhaust the sale proceeds, with neither of the parties recovering the full amount of their judgment in this action. The parties request that Receiver Menne be authorized to hold the net proceeds in her firm's escrow account (or in the escrow account of a closing agent or attorney that the parties agree to), with the distributions in accordance with the Court's order being made directly from this escrow account and not being first deposited with the Clerk of the Court. The parties agree and request that, because there is no disagreement as to the distribution of the proceeds, and for the convenience of the parties and the Clerk, the sale be approved with Receiver Menne being relieved from the requirement to deposit the sales proceeds first with the Clerk of the Court, and then request a distribution by separate order. Following the Court's entry of an order approving the sale of the subject property, the parties will likely no longer require the assistance of the Court if the sale is consummated. The parties will advise the Court when the sale is completed.

WHEREFORE, the parties request an order approving and authorizing the sale of the

subject property substantially in the form of the proposed "Order Approving Receiver's Sale Of

Real Property Located At 450 E. Waterside Drive, Unit 1301, Chicago, Illinois 60601," attached

hereto as Exhibit C.

Respectfully submitted:

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

/s/ Jeffrey N. Nuñez
JEFFREY N. NUÑEZ
BRADLEY A. SARNELL
NOAH D. GLOVER-ETTRICH
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-616-5218 (v)
202-514-5238 (f)
Jeffrey.N.Nunez@usdoj.gov
Bradley.A.Sarnell@usdoj.gov
Noah.D.Glover-Ettrich@usdoj.gov


Wilmington Savings Fund Society, FSB,
Not In its individual capacity but solely as
Owner Trustee of CSMC 2018-SP3 Trust

By: *Jason D. Altman (with consent)*
One of its attorneys

Jason D. Altman - #6224378
jaltman@klueverlawgroup.com
Kluever Law Group, LLC
225 W. Washington St., Suite 1550
Chicago, Illinois 60606
(312) 236-0077