IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE OF CSMC 2018-SP3 TRUST,<br><br>Plaintiff,<br><br>v.<br><br>JAMES A. COSMANO, CHANDLER, CONDOMINIUM ASSOCIATION, UNITED STATES OF AMERICA, UNKNOWN OWNERS, and NON-RECORD CLAIMANTS,<br><br>Defendants.<br><br>UNITED STATES OF AMERICA,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE OF CSMC 2018-SP3 TRUST, JAMES A. COSMANO, CHANDLER CONDOMINIUM ASSOCIATION, and COOK COUNTY, ILLINOIS,<br><br>Counterclaim Defendants. | Case No. 1:20-cv-7032-MSS-SEC<br><br>Judge Manish S. Shah<br><br>Magistrate Judge Susan E. Cox |

**ORDER APPROVING AND AUTHORIZING JUDICIAL SALE OF REAL PROPERTY LOCATED AT 450 E. WATERSIDE DRIVE, UNIT 1301, CHICAGO, ILLINOIS 60601**

Pursuant to the Court's February 17, 2022, *Order Appointing Receiver*, ECF No. 66, the defendant and counterclaim-plaintiff the United States of America and the plaintiff and counter-

claim defendant Wilmington Savings Fund Society, FSB, Not in its Individual Capacity but Solely as Owner Trustee of CSMC 2018-SP3 Trust ("Wilmington"), collectively "the parties," have filed a joint agreed motion requesting an order approving the sale of the property located at 450 E. Waterside Drive, Unit 1301, Chicago, IL 60601 (the "subject property") to Vashisht Lakhmani and Erin Weir Lakhmani (the "buyers") as the highest and best bidders for $775,000.00.

The subject property was conveyed to defendant James A. Cosmano by Warranty Deed dated October 30, 2007, which deed was recorded with the Cook County Recorder of Deeds on November 5, 2007, as Document No. 0730931095. The subject property is legally described as:

> PARCEL 1:
>
> UNIT 1301 AND PARKING SPACE P-353, TOGETHER WITH THE EXCLUSIVE RIGHT TO USE STORAGE SPACE S- 152, A LIMITED COMMON ELEMENT IN CHANDLER CONDOMINIUMS AS DELINEATED AND DEFINED ON A SURVEY OF THE FOLLOWING DESCRIBED REAL ESTATE:
>
> LOT 7, EXCEPT THE EAST 16.85 FEET THEREOF (AS MEASURED PERPENDICULARLY TO THE EAST LINE OF SAID LOT 7), IN LAKESHORE EAST SUBDIVISION, BEING A SUBDIVISION OF PART OF THE LANDS LYING EAST OF AND ADJOINING FORT DEARBORN ADDITION TO CHICAGO, SAID ADDITION BEING IN THE SOUTHWEST FRACTIONAL QUARTER OF SECTION 10, TOWNSHIP 39 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT OF SAID LAKESHORE EAST SUBDIVISION RECORDED MARCH 4, 2003 AS DOCUMENT 0030301045, IN COOK COUNTY, ILLINOIS; WHICH SURVEY IS ATTACHED AS EXHIBIT "A" TO THE DECLARATION OF CONDOMINIUM RECORDED AS DOCUMENT NO. 0719315075 TOGETHER WITH ITS UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS.
>
> PARCEL 2:
>
> NON -EXCLUSIVE EASEMENTS APPURTENANT TO AND FOR THE BENEFIT OF PARCEL 1, INCLUDING EASEMENTS FOR ACCESS TO IMPROVEMENTS BEING CONSTRUCTED OVER TEMPORARY

CONSTRUCTION EASEMENT AREAS, FOR PEDESTRIAN AND VEHICULAR INGRESS AND EGRESS ON, OVER, THROUGH AND ACROSS THE STREETS, AND TO UTILIZE THE UTILITIES AND UTILITY EASEMENTS, ALL AS MORE PARTICULARLY DEFINED, DESCRIBED AND CREATED BY DECLARATION OF COVENANTS, CONDITIONS, RESTRICTIONS AND EASEMENTS FOR LAKESHORE EAST MADE BY AND BETWEEN LAKESHORE EAST LLC, LAKESHORE EAST PARCEL P LLC, AND ASN LAKESHORE EAST LLC DATED AS OF JUNE 26, 2002 AND RECORDED JULY 2, 2002 AS DOCUMENT 0020732020, AS AMENDED BY FIRST AMENDMENT TO DECLARATION OF COVENANTS, CONDITIONS, RESTRICTIONS AND EASEMENTS FOR LAKESHORE EAST EXECUTED BY LAKESHORE EAST LLC DATED AS OF MARCH 3, 2003 AND RECORDED MARCH 7, 2003 AS DOCUMENT NUMBER 0030322531 AND AS FURTHER AMENDED BY SECOND AMENDMENT TO DECLARATION OF COVENANTS, CONDITIONS, RESTRICTIONS AND EASEMENTS FOR LAKESHORE EAST EXECUTED BY LAKESHORE EAST LLC DATED AS OF NOVEMBER 18, 2004 AND RECORDED NOVEMBER 19, 2004 AS DOCUMENT NUMBER 0501919099 AND THIRD AMENDMENT TO DECLARATION OF COVENANTS, CONDITIONS, RESTRICTIONS AND EASEMENTS FOR LAKESHORE EAST EXECUTED BY LAKESHORE EAST LLC, DATED FEBRUARY 24, 2005 AND RECORDED FEBRUARY 25, 2005 AS DOCUMENT NUMBER 0505632009 AND FOURTH AMENDMENT TO DECLARATION OF COVENANTS, CONDITIONS, RESTRICTIONS AND EASEMENTS FOR LAKESHORE EAST EXECUTED BY LAKESHORE EAST LLC DATED AS OF FEBRUARY 24, 2005 AND RECORDED FEBRUARY 25, 2005 AS DOCUMENT NUMBER 0505632012 AND LAST AMENDED BY THE FIFTH AMENDMENT TO DECLARATION OF COVENANTS, CONDITIONS, RESTRICTIONS AND EASEMENTS FOR LAKESHORE EAST EXECUTED BY LAKESHORE EAST LLC DATED AS OF OCTOBER 27, 2006 AND RECORDED NOVEMBER 9, 2006 AS DOCUMENT 0631333004 AND SUBSEQUENTLY RERECORDED ON FEBRUARY 9, 2007 AS DOCUMENT 0704044062.

PARCEL 3:

NON-EXCLUSIVE EASEMENTS APPURTENANT TO AND FOR THE BENEFIT OF PARCEL 1 AS CREATED BY THE DECLARATION OF EASEMENTS, RESERVATIONS, COVENANTS AND RESTRICTIONS RECORDED JULY 12, 2007 AS DOCUMENT NUMBER 0719315076 FOR SUPPORT, COMMON WALLS, CEILINGS AND FLOORS, EQUIPMENT AND UTILITIES, INGRESS AND EGRESS, MAINTENANCE AND ENCROACHMENTS, OVER THE LAND DESCRIBED THEREIN.

> Commonly Known As: 450 E. Waterside Drive, Unit 1301, Chicago, IL 60601.
>
> Permanent Index No.: 17-10-400-043-1505 and 17-10-400-043-1119 (17-10-400-020 underlying PIN)

Having reviewed the parties' agreed motion and the attachments thereto, and being satisfied that the terms of the relief requested therein are adequate under 26 U.S.C. § 7403, the Court now directs the sale of the subject property as specified below.

Accordingly, IT IS ORDERED as follows:

1. The sale of the subject property to the Vashisht Lakhmani and Erin Weir Lakhmani, of 420 E Waterside Drive, Unit 903, Chicago, IL 60601, as tenants by the entirety, for $775,000.00 is approved as the highest and best offer made in accordance with the Court's Order Appointing Receiver, ECF No. 66. Upon receiving the balance of the purchase price from the buyers or their agent at closing, Receiver Ginger Menne is directed and authorized to (i) deposit the net proceeds of the sale of the subject property in an appropriate escrow account that the parties agree on; (ii) execute and deliver a Receiver's Deed (in substantially the same form as that attached as <u>Exhibit E</u> to the parties' stipulation) transferring title and ownership of the subject property to Vashisht Lakhmani and Erin Weir Lakhmani, as tenants by the entirety, free and clear of all rights, titles, claims, liens, and interests, including any rights of redemption and any claims or liens under 765 ILCS 605/9, of the parties to the action; and, (iii) distribute the sales proceeds directly to the recipients, as set forth below.

2. Because the sales proceeds will be exhausted with neither of the parties' judgments being fully satisfied, and because the parties have agreed on the distribution of the proceeds, the Court deems that the net proceeds being deposited first with the Court, and distributed pursuant to a subsequent order, to be less efficient than the receiver or her escrow

agent distributing the proceeds directly after closing. Receiver Ginger Menne is therefore relieved of the requirement contained in *Order Appointing Receiver*, ECF No. 66, ¶ 13, to deposit the proceeds with the Clerk of the Court, and she or her agent may distribute them directly as set forth below.

2. At closing, upon receipt of the balance of the purchase price, the appointed closing agent, as escrow agent, shall distribute the proceeds as follows:

FIRST, to the following individuals or entities in the following amounts to cover the costs of sale, including any costs incurred by the receiver to preserve, protect, and secure the subject property and any customary costs for a closing professional:

(a) To Receiver Menne in the amount of $6,500.00 for costs incurred in cleaning and removing debris from the subject property occasioned by defendant Cosmano's destruction in order for the subject property to be listed and shown, $750.00 for the services of a licensed closing attorney, Marc Cervantes, Esq., $470.00 for Illinois Condo Act compliance letters, and $45,000.00 for compensation for Receiver Menne's services as court-appointed receiver which is based of a percentage of the gross proceeds of a sale of the subject property, as provided in the receiver's declaration, and ECF No. 66, ¶ 15.

(b) To the closing company Chicago Title or other closing company in the amount of approximately $3,848.00 for the costs of closing services that are customarily paid by the seller.[1]

---

[1] Where this stipulation references an "approximate" amount, the Court approves a variance of up to 10 percent if agreed to in writing by the parties without further notice to the Court.

SECOND, to Cook County, Illinois, and the City of Chicago, for any real estate taxes and special assessments due and owing at closing or other claim which are entitled to priority under 26 U.S.C. § 6323(b)(6);

THIRD, to Wilmington, the remainder of the net proceeds, in the estimated amount of $690,000.00, to pay part of its judgment as specified in the Court's Amended Judgment, ECF No. 84 at ¶ 1, which judgment includes Wilmington's mortgage interest securing debts totaling $681,188.69 as of May 3, 2022 (which amount further includes $40,000.00 for Wilmington's attorney's fees and costs), plus property taxes and payable advances in the amount paid by Wilmington after May 3, 2022, which are secured by its mortgage interest and which Wilmington may prove-up as entitled to priority under 26 U.S.C. § 6323(e).

FOURTH, to the United States in the amount of $15,000.00, to be paid from the net amount of proceeds otherwise payable to Wilmington set forth in the preceding paragraph, in order to avoid a non-economic sale under the Internal Revenue Code, which shall be applied to the judgment debts of the defendant James A. Cosmano for the federal income tax periods ending December 31, 2007, December 31, 2008, December 31, 2009, and December 31, 2010, which amount to $7,090,529.33 as of August 13, 2021 (secured by the United States' federal tax liens under 26 U.S.C. § 6321, as set forth in the Court's Amended Final Judgment, ECF No. 84 at ¶ 2, and the Abstract of Judgment which is recorded in the Cook County land records at document no. 1825316059), plus statutory additions accrued from and after that date, including interest; and,

3. In the event that the costs of the sale and property tax and special assessment arrears end up being higher than projected (but still must be paid to close), and the remaining amount of the proceeds after the sale is not sufficient for Wilmington and the United States to

receive the amounts set forth in ¶ 2, then Receiver Menne shall notify the parties and they will confer and attempt to come to an agreement to advise Receiver Menne how to distribute the remaining proceeds.

4. In the event that the buyers or their agent fail to pay over the full $775,000.00 purchase price to Receiver Menne within 30 days of the date of this Order, Receiver Menne may continue to market the subject property to other prospective buyers pursuant to the Court's *Order Appointing Receiver*, ECF No. 66, with any such earnest money deposits being forfeited as liquidated damages, and any subsequent sale of the subject property being free and clear or any rights, titles, claims, liens, or interests in the subject property of the defaulted buyers related to the purchase and sale contract.

5.      The parties, including the defendant Chandler Condominium Association, shall not do anything that interferes with the receiver's closing of the sale of the subject property or the enforcement of the Court's *Amended Final Judgment*, ECF No. 84, the *Order Appointing Receiver*, ECF No. 66, and this *Order*, or cause or permit anyone else to do so. Furthermore, the defendant Chandler Condominium Association, which has had a default judgment entered against it and for which the Court has ordered shall take nothing from the sale of the subject property under federal law, *see* ECF No. 84 ¶ 7, shall not cause, or permit anyone else to, record any instruments, publish any notice, or take any other action to enforce a claim or lien under 765 ILCS 605/9 against the buyers that arises prior to the date that the Receiver's Deed is delivered to the purchaser. Violation of this paragraph shall be deemed a contempt of court and punishable as such.

IT IS SO ORDERED.

Date: March 2, 2023

/s/ Manish S. Shah
Hon. Manish S. Shah
United States District Judge,
Northern District of Illinois